# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| ALEXANDRIA DAVIS and<br>CHARLES M. DAVIS, | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | 1:11-cv-04552-JEC-RGV |
| BANK OF AMERICA, N.A., | |
| Defendant. | |

## MAGISTRATE JUDGE'S FINAL REPORT, RECOMMENDATION, AND ORDER

Defendant Bank of America, N.A. ("BoA") has filed a motion to dismiss, [Doc. 3],[1] *pro se* plaintiffs Alexandria Davis and Charles M. Davis' ("plaintiffs") complaint and a motion to stay. [Doc. 4]. The time for filing a response to BoA's motions has expired without a response from the plaintiffs. Rather than file a timely response to BoA's motions, on January 19, 2012, plaintiffs filed a motion to amend their complaint to assert a conspiracy claim and to add defense counsel, Kyle C. Spurgeon ("Spurgeon"), as a defendant, [Doc. 7], and a motion to remand this case to the Superior Court of Fulton County, Georgia, [Doc. 8]. For the following reasons, plaintiffs' motion to amend, [Doc. 7], is hereby **DENIED**, BoA's motion to stay, [Doc.

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

4], is **GRANTED**,[2] and it is **RECOMMENDED** that plaintiffs' motion to remand, [Doc. 8], be **DENIED**, that BoA's motion to dismiss, [Doc. 3], be **GRANTED**, and that plaintiffs' complaint be **DISMISSED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The instant case appears to arise out of foreclosure proceedings that were instituted against the real property located at 7440 Mistydawn Drive, Fairburn Georgia, 30212 (the "property"). See [Doc. 1-1 at 2-8]. On March 30, 2007, plaintiffs obtained a mortgage loan in the original principal amount of $293,139.00 from First Magnus Financial Corporation ("First Magnus") and used the proceeds of the loan to purchase the property. [Id. at 4 ¶ 12]; see also [id. at 15-37].[3] The transaction was

---

[2] In its unopposed motion to stay, BoA seeks a stay of discovery and its obligations to serve initial disclosures, participate in a Rule 26(f) conference, and prepare and file a report of that conference and a proposed discovery plan until after the Court rules on its motion to dismiss. See [Doc. 4]. Upon consideration of BoA's motion to stay, [Doc. 4], the Court hereby **GRANTS** the motion, [Doc. 4], and **ORDERS** that discovery and BoA's obligations to participate in a Rule 26(f) conference and to file initial disclosures and a preliminary report and discovery plan be stayed until the District Judge reviews this Report and Recommendation on BoA's motion to dismiss, [Doc. 3].

[3] The parties have attached the promissory note, security deed, and assignment, among other documents, to their pleadings before the Court. See [Doc. 1-1 at 15-17 (note); Doc. 1-1 at 19-37 (security deed); Doc. 1-1 at 71 (assignment); Doc. 3-2 at 1-18 (security deed); Doc. 3-2 at 19 (assignment)]. Generally, the Court "may not consider matters outside the pleadings without converting the motion to a motion for summary judgment." Redding v. Tuggle, No. 1:05-cv-2899-WSD, 2006 WL 2166726, at *5 (N.D. Ga. July 31, 2006), adopted at *1; see also Omega Patents, LLC v. Lear Corp., No. 6:07-cv-1422-Orl-31DAB, 2008 WL 821886, at *1 (M.D. Fla.

secured by the property pursuant to a security deed executed by plaintiffs, conveying the property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as grantee-nominee for First Magnus. [Id. at 4 ¶ 13; Doc. 3-2 at 1-18]. The security deed was recorded on April 6, 2007, at Deed Book 44782, Page 13, of the Fulton County, Georgia, real property records. [Doc. 3-2 at 1]. Subsequently, MERS transferred all rights, title, and interest in the security deed and any underlying indebtedness to BoA by way of an assignment recorded on November 23, 2011, at Deed Book 50626, Page 6, of the Fulton County, Georgia, real property records. See [id. at 19].[4] Plaintiffs defaulted on their obligations under the loan and security deed

---

Mar. 20, 2008). However, the Court may consider an exhibit without converting the motion into a motion for summary judgment if it is "central to the plaintiff[s'] claim and the authenticity of the document is not challenged." Adamson v. Poorter, No. 06-15941, 2007 WL 2900576, at *2 (11th Cir. Oct. 4, 2007) (per curiam) (unpublished) (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)); see also Atwater v. Nat'l Football League Players Ass'n, Civil Action No. 1:06-CV-1510-JEC, 2007 WL 1020848, at *3 (N.D. Ga. Mar. 29, 2007); Cobb v. Marshall, 481 F. Supp. 2d 1248, 1254 n.2 (M.D. Ala. 2007). The documents at issue here are central to plaintiffs' claims and their authenticity has not been challenged. Accordingly, the Court will consider the documents at this stage without converting the motion to dismiss to a motion for summary judgment.

[4] Plaintiffs acknowledge that BoA is the servicer of the mortgage loan at issue. See [Doc. 1-1 at 3 ¶ 7, 4 ¶ 14].

and non-judicial foreclosure proceedings were instituted against the property. [Doc. 1-1 at 3 ¶ 4].[5]

On November 28, 2011, plaintiffs filed a complaint entitled "Complaint Attempting Wrongful Foreclosure" against BoA in the Superior Court of Fulton County, Georgia, [Doc. 1-1 at 2-9], and on December 28, 2011, BoA removed the action to this Court, see generally [Doc. 1]. Plaintiffs allege that BoA lacks authority to foreclose on the property, see [Doc. 1-1 at 5 ¶¶ 21-23], and that BoA is "[a]ttempting [w]rongful [f]oreclosure" of the property because it was not properly and legally assigned the security deed and the power of sale, [id. at 5 ¶ 24, 7 ¶¶ 32-33]. Plaintiffs also reference "UCC 3-301" and the Georgia Fair Lending Act ("GFLA"), O.C.G.A. § 7-6A-5, see [id. at 5 ¶¶ 21, 25], and seek, among other things, injunctive relief barring BoA from foreclosing or bringing any future foreclosure proceedings against the property, see [id. at 8].[6]

---

[5] The foreclosure sale was initially scheduled for December 6, 2011, see [Doc. 1-1 at 2 ¶ 4]; however, the sale was postponed due to plaintiffs' filing of this action, see [Doc. 3-1 at 3 n.4], and was rescheduled for February 7, 2012, see [Doc. 7 at 3 ¶ 8].

[6] BoA removed this action to federal court by properly asserting diversity jurisdiction under 28 U.S.C. § 1332. See [Doc. 1]. Plaintiffs have filed a motion to remand, [Doc. 8], asserting that there is no federal question jurisdiction and that BoA has failed to meet its burden to show that the amount in controversy has been met, arguing that the value of their property is not at issue in this case, see generally, [id.]. Plaintiffs, however, seek injunctive relief barring the alleged wrongful foreclosure of their property, and therefore, "'the value of the property determines the financial

## II. DISCUSSION

### A.    BoA's Motion to Dismiss, [Doc. 3]

#### 1.    *Standard*

BoA moves to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.  [Doc. 3].  In considering a motion to dismiss, the

Court must accept plaintiffs' allegations as true and construe the complaint in their

favor.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d

1399, 1402 (11th Cir. 1993).  "Rule 8(a)(2) of the Federal Rules of Civil Procedure

requires that a pleading contain 'a short and plain statement of the claim showing

that the pleader is entitled to relief.'  The complaint need only provide enough

information to give [BoA] fair notice of [plaintiffs'] claim and the grounds the claim

---

value at stake.'"   Watkins v. Beneficial, HSBC Mortg., Civil Action No.
1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *4 n.9 (N.D. Ga. Sept. 2, 2010),
adopted by 2010 WL 4312878, at *1 (N.D. Ga. Oct. 21, 2010) (quoting Roper v. Saxon
Mortg. Servs., Inc., Civil Action No. 1:09-CV-312-RWS, 2009 WL 1259193, at *2 (N.D.
Ga. May 5, 2009)); see also Osborne v. Bank of Am., N.A., Civil Action No. 1:10-cv-
02577-TCB, at [Doc. 12 at 4] (N.D. Ga. Sept. 13, 2010) (citations omitted) ("Because
[plaintiff] is seeking injunctive relief barring foreclosure of his home, the value of the
home determines the amount in controversy.").  Here, defendants have shown that
the value of the property is in excess of the $75,000 jurisdictional requirement, see
[Doc. 1 at 5 ¶ 12], and the Court therefore has jurisdiction over plaintiffs' state law
claims even in the absence of any viable claims under federal law, see Haynes v.
JPMorgan Chase Bank, N.A., No. 11–13065, 2012 WL 399986, at *1 (11th Cir. Feb. 9,
2012) (per curiam) (unpublished).  Accordingly, it is hereby **RECOMMENDED** that
plaintiffs' motion to remand, [Doc. 8], be **DENIED**.

is based on." <u>Broner v. Wash. Mut. Bank, FA</u>, 258 F. App'x 254, 256 (11th Cir. 2007) (per curiam) (unpublished) (<u>quoting</u> Fed. R. Civ. P. 8(a)(2)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [plaintiffs'] obligation to provide the grounds of [their] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations and internal marks omitted). To survive a motion to dismiss, a complaint must "'give [BoA] fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Id.</u> at 555 (second alteration in original) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level," <u>id.</u>, as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," <u>id.</u> at 570. "A claim has facial plausibility when [plaintiffs'] plead[] factual content that allows the court to draw the reasonable inference that [BoA] is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (<u>citing</u> <u>Twombly</u>, 550 U.S. at 556). The Supreme Court in <u>Iqbal</u> held:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior

era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

129 S. Ct. at 1949-50 (citations and internal marks omitted).

Furthermore, although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008); see also Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted) (stating "[a]lthough we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings"). In fact, the liberal construction "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Farkas v. SunTrust Mortg., Inc., 447 F. App'x 972, 972 (11th Cir. 2011) (per curiam) (unpublished) (citation and internal marks omitted).

**2.** *Analysis*

    **a.** **Wrongful Foreclosure Claim**

Plaintiffs' complaint alleging attempted wrongful foreclosure by BoA centers on the contention that BoA lacks authority to foreclose on the property because it is merely the loan servicer and not the secured creditor. [Doc. 1-1 at 4-6]. From this central premise, plaintiffs advance various claims related to the alleged attempted wrongful foreclosure, which BoA addresses in its motion to dismiss and supporting memorandum of law. [Docs. 3 & 3-1]. Plaintiffs have not responded to the arguments advanced by BoA, and consequently, the motion to dismiss is deemed unopposed. See LR 7.1, NDGa. Although BoA's motion to dismiss is unopposed, the Court will address the merits of the motion. See Watkins, 2010 WL 4318898, at *1 (considering merits of defendant's motion even though it was unopposed).

    **1.** **Standing of BoA to Foreclose**

Plaintiffs allege that the attempted foreclosure was wrongful because BoA did not have the actual legal authority to exercise the power of sale. See [Doc. 1-1 at 5-8]. Plaintiffs allege that the note and the security deed were separated, and that BoA is attempting to foreclose without ever producing the note. See [id.]. BoA asserts that plaintiffs' complaint should be dismissed because their "produce the note" claim has been repeatedly rejected. [Doc. 3-1 at 16-17].

Courts in this district have rejected variations of the "produce the note" argument and found that separation of the note and security deed does not render either instrument void.  <u>See, e.g.</u>, <u>Alexis v. Mortg. Elec. Registration Sys., Inc.</u>, Civil Action No. 1:11–CV–01967–RWS, 2012 WL 716161, at *3 (N.D. Ga. Mar. 5, 2012); <u>Joseph v. CitiMortgage</u>, Civil Action File No. 1:11–CV–2768–TWT, 2011 WL 5156817, at *1-2 (N.D. Ga. Oct. 27, 2011); <u>Cooke v. BAC Home Loans Servicing, LP</u>, Civil Action File No. 1:11–CV–2126–TWT, 2011 WL 4975386, at *2 (N.D. Ga. Oct. 18, 2011); <u>Kabir v. Statebridge Co., LLC</u>, No. 1:11-cv-2747-WSD, 2011 WL 4500050, at *5 (N.D. Ga. Sept. 27, 2011); <u>Morgan v. Ocwen Loan Servicing, LLC</u>, 795 F. Supp. 2d 1370, 1375 (N.D. Ga. 2011) ("Although the separation of the note and the security deed does not render either instrument void, it does create a substantial question of what entity has the right to foreclose when the borrower defaults on the loan."); <u>Brown v. Fed. Nat'l Mortg. Ass'n</u>, No. 1:10-CV-03289-TWT-GGB, 2011 WL 1134716, at *5-6 (N.D. Ga. Feb. 28, 2011), adopted by 2011 WL 1136274, at *1 (N.D. Ga. Mar. 25, 2011); <u>LaCosta v. McCalla Raymer, LLC</u>, Civil Action No. 1:10-cv-1171–RWS, 2011 WL 166902, at *3-4 (N.D. Ga. Jan. 18, 2011).  To the extent that plaintiffs are arguing that BoA had no standing to foreclose because separating the note and the security deed made either invalid as a matter of law, they have failed to state a claim for wrongful foreclosure.

Plaintiffs cite Morgan in their complaint to support their contention that BoA lacks authority to foreclose because only the secured creditor may conduct a non-judicial foreclosure under O.C.G.A. § 44-14-162(b).  [Doc. 1-1 at 4]; Morgan, 795 F. Supp. 2d at 1375-77 (ruling that an entity must possess the promissory note in order to foreclose).[7]  However, BoA maintains that this is not a case in which the note and security deed have been separated because "by operation of Georgia law and the plain language of the Assignment, it is clear that [BoA] holds both the promissory note and the Security Deed and has standing to foreclose on the Property."  [Doc. 3-1 at 10 n.7].  Specifically, BoA argues that under Georgia law when a deed to secure debt is transferred, an assignment of the deed "shall be sufficient to transfer the property therein described *and* the indebtedness therein secured, whether the indebtedness is evidenced by a note [. . . .]"  [Id. (alteration in original) (quoting O.C.G.A. § 44-14-64(b)); (citing Haynes v. JPMorgan Chase Bank, N.A., No. 3:10–CV–11 (CDL), 2011 WL 2581956, at *5 (M.D. Ga. June 29, 2011) (finding that the foreclosing entity was properly assigned the security deed and promissory note under O.C.G.A. § 44-14-64(b))]; In re Corley, 447 B.R. 375, 383 (Bankr. S.D. Ga. 2011) (citing O.C.G.A. § 44-14-64(b) for the proposition that "Georgia law provides that upon a transfer of a deed to secure debt, the accompanying indebtedness is also

---

[7] Plaintiffs erroneously assert that Morgan was a decision of the Georgia Supreme Court.  [Doc. 1-1 at 4].

transferred")].  Thus, BoA asserts that it has authority to foreclose as a matter of law, and plaintiffs' attempted wrongful foreclosure claim is due to be dismissed.  [Doc. 3-1 at 11].

Plaintiffs have not addressed BoA's argument that it holds both the note and security deed by operation of Georgia law and the plain language of the Assignment since plaintiffs did not respond to BoA's motion to dismiss, but in ruling on the motion to dismiss, the Court must accept as true the allegations of plaintiffs' complaint that BoA does not hold the note and therefore does not have an enforceable security interest.  [Doc. 1-1 at 5 ¶¶ 19-20].  However, plaintiffs' allegation that BoA is not the holder of the note does not necessarily defeat BoA's motion to dismiss because the property records attached to plaintiffs' complaint show that BoA has been assigned the security deed, [id. at 71], and there is a split of authority within this district as to whether the holder of a security deed who does not also hold the promissory note or is not acting as an agent of the note holder has standing to foreclose.  Compare Montoya v. Branch Banking & Trust Co., Civil Action No. 1:11–CV–01869–RWS, 2012 WL 826993, at *5 (N.D. Ga. Mar. 9, 2012); Nelson v. Bank of Am., N.A., Civil Action File No. 1:11–CV–3890–TWT, 2012 WL 315400, at *3 (N.D. Ga. Jan. 31, 2012); Cooke, 2011 WL 4975386, at *2; Kabir, 2011 WL 4500050, at *5; Brown, 2011 WL 1134716, at *5-6; LaCosta, 2011 WL 166902, at *5

(ruling that the holder of a security deed is not precluded from proceeding with a foreclosure sale simply because it does not also possess the promissory note); Nicholson v. OneWest Bank, Civil Action File No. 1:10–CV–0795–JEC/AJB, 2010 WL 2732325, at *4 (N.D.Ga. Apr. 20, 2010), adopted by 2010 WL 2732329, at *1 (N.D. Ga. June 7, 2010) (citation omitted) ("[T]he nominee of the lender has the ability to foreclose on a debtor's property even if such nominee does not have a beneficial interest in the note secured by the mortgage."), with Williamson v. Bank of Am., Civil Action No. 1:11-cv-1161-AT, at [Doc. 9] (N.D. Ga. July 7, 2011); Morgan, 795 F. Supp. 2d at 1375-76.

Under the Morgan line of authority, BoA's motion would fail because plaintiffs have alleged that BoA attempted to foreclose without possessing the note. See Morgan, 795 F. Supp. 2d at 1375-76. However, under the LaCosta line of authority, BoA's motion has merit because the security deed which it was assigned grants it the authority to foreclose even if it does not possess the note. See LaCosta, 2011 WL 166902, at *5.[8] BoA has attempted to distinguish Morgan and urged the

---

[8] In LaCosta, the plaintiff argued that because the note and mortgage had been "split," any assignment of the security deed from MERS to BAC Home Loan Servicing was a nullity. 2011 WL 166902, at *5. The district court, relying on Nicholson, rejected plaintiff's argument, and also found that plaintiff's argument was foreclosed by the plain language of the security deed, which is nearly identical to the language at issue here, stating that "[t]he deed disclose[d] no intent on the part of Plaintiff to restrict MERS or its assigns from selling the property if the Note and Deed were not in the possession of the same entity." Id. at *5-6.

Court to follow LaCosta by ruling "that an assignee of the security instrument is the secured creditor for purposes of foreclosure." [Doc. 3-1 at 8-9 & n.6]. BoA's argument, which is unopposed by plaintiffs due to their failure to file a response to the motion to dismiss, LR 7.1, NDGa., finds support in a per curiam opinion of the Eleventh Circuit summarily affirming the grant of summary judgment for the defendants on a wrongful foreclosure claim where the foreclosing entity did not possess the note. See Smith v. Saxon Mortg., 446 F. App'x 239, 240 (11th Cir. 2011) (per curiam) (unpublished), summarily aff'g, Civil Action No. 1:09–cv–3375-WCO, at [Doc. 31 at 3-6] (N.D. Ga. Mar. 16, 2011).

In Smith, the Eleventh Circuit rejected plaintiff's contention that the district court erred by "finding the Security Deed granted [MERS] the power of sale and the authority to assign the security deed," and affirmed granting summary judgment for defendants "for the reasons set forth" in the Magistrate Judge's Report and Recommendation ("R&R") and the District Court's Order adopting the R&R. 446 F. App'x at 239-40. In the Order adopting the R&R in Smith, the district court followed the reasoning of LaCosta and granted summary judgment on a wrongful foreclosure claim, ruling that the defendants who had been assigned the security deed by MERS had the right to foreclose without being the note holder. Smith, Civil Action No. 1:09–cv–3375-WCO, at [Doc. 31 at 5-6]. The Order and R&R also both

cited the <u>Nicholson</u> decision for the proposition that "the nominee of the lender has the ability to foreclose on a debtor's property even it such nominee does not have a beneficial interest in the note secured by the mortgage." <u>Id.</u>, at [Doc. 31 at 5; <u>see also</u> Doc. 25 at 18-19].

By summarily affirming the ruling in <u>Smith</u> for the reasons stated in the District Court's Order and the Magistrate Judge's R&R, the Eleventh Circuit effectively endorsed the reasoning of <u>LaCosta</u> and <u>Nicholson</u>, and those cases support BoA's contention that it has the authority to foreclose even if it is not the holder of the note. Here, as in <u>Smith</u>, the plain language of the security deed granted to MERS, which MERS subsequently transferred to BoA, expressly provides that the "Borrower does hereby grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) *and the successors and assigns of MERS*, with power of sale," [Doc. 3-2 at 3 (emphasis added)], and "[i]n Georgia, a security deed should be construed in favor of allowing exercise of the power of sale," <u>LaCosta</u>, 2011 WL 166902, at *5 (citation omitted). Thus, under the reasoning of the <u>LaCosta</u> line of authority, relied on by the Eleventh Circuit in <u>Smith</u>, BoA had the authority to exercise the power of sale under Georgia law regardless of whether it actually held the note. <u>Id.</u>; <u>Smith</u>, 446 F. App'x at 239-40.

## 2.  Validity of the Assignment

To the extent plaintiffs assert that the assignment to BoA was invalid because they never originated a loan with BoA or MERS and that MERS was simply acting as a nominee for First Magnus, see [Doc. 1-1 at 4 ¶¶ 13, 16], this claim is without merit because the real estate records attached to plaintiffs' complaint clearly show an assignment to BoA from MERS that was recorded in Fulton County, Georgia, on November 23, 2011, see [Doc. 1-1 at 71], and the assignment was proper under Georgia law.

In Georgia, "[s]ecurity deeds and other mortgage loans are transferrable by way of assignment," Woodberry v. Bank of Am., N.A., Civil Action No. 1:11-cv-03637-TWT, at [Doc. 11 at 4] (N.D. Ga. Jan. 12, 2012) (citation omitted), and "[a]ll transfers of deeds to secure debt shall be in writing; shall be signed by the grantee or, if the deed has been previously transferred, by the last transferee; and shall be witnessed as required for deeds," O.C.G.A. § 44-14-64(a).  Deeds in Georgia must be witnessed by two people, one of whom is an officer authorized to attest registrable instruments.  See PINDAR'S GEORGIA REAL ESTATE LAW & PROCEDURE § 21-17; see also O.C.G.A. §§ 44-14-33, 44-2-15 (listing individuals who can attest to the transfer of a security deed, including a notary).  The assignment from MERS to BoA was in writing, signed by the grantee or last transferee, and witnessed by two people, one

of whom was a notary.  See [Doc. 1-1 at 71; Doc. 3-2 at 19].  Additionally, the

assignment was properly recorded on November 23, 2011, at Deed Book 50626, Page

6, of the Fulton County, Georgia, real property records.  See [id.].  Thus, the

pleadings and property records before the Court establish that BoA is the assignee

of the security deed and therefore has the authority to foreclose on the property.

Smith, 446 F. App'x at 239-40; LaCosta, 2011 WL 166902, at *5; Nicholson, 2010 WL

2732325, at *4.

Furthermore, plaintiffs do not have standing to challenge the assignment from

MERS to BoA because they are not parties to the assignment.  See [Doc. 3-2 at 19];

see also Woodberry, Civil Action No. 1:11-cv-03637-TWT, at [Doc. 11 at 4]; Doerr v.

BAC Home Loan Servicing, LP, Civil Action No. 1:11-cv-02316-CAP, at [Doc. 6 at 5]

(N.D. Ga. Aug. 12, 2011).[9]  Accordingly, it is **RECOMMENDED** that BoA's motion

---

[9] Plaintiffs also state that "[w]ith the widespread of [sic] 'mortgage backed security' trading and the pooling of mortgages, it is uncertain who is actually the note holder is [sic] in due course of the Plaintiffs [sic] Promissory Note and Security Deed."  See [Doc. 1-1 at 2 ¶ 3].  However, to the extent they are attempting to assert a claim based on the "securitization" theory, this argument has been rejected by this Court and is due to be dismissed.  See Searcy v. EMC Mortg. Corp., Civil Action No. 1:10-cv-00965-WBH, at [Doc. 11] (N.D. Ga. Sept. 30, 2010).  Additionally, plaintiffs reference Article 3 of Georgia's Uniform Commercial Code ("UCC"), and assert that BoA lacks authority to foreclose since it is not a holder in due course.  See [Doc. 1-1 at 5 ¶¶ 21-22].  Aside from the fact that plaintiffs have failed to allege sufficient facts to support any claim under the UCC, "Georgia's [UCC] applies to transactions in goods," and not in real estate.  Mgmt. Assistance, Inc. v. Computer Dimensions, Inc., 546 F. Supp. 666, 676 (N.D. Ga. 1982) (citation and internal marks omitted); see also Am. Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C., 426 F. Supp. 2d 1356, 1369 (N.D.

to dismiss be **GRANTED** with respect to any wrongful foreclosure claims based on the alleged invalid assignment.

### 3. <u>Publication of Untrue or Derogatory Information</u>

In order to state a claim for wrongful attempted foreclosure, plaintiffs must "establish 'a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication.'" <u>Mayrant v. Deutsche Bank Trust Co. Ams.</u>, Civil Action File No. 1:10–CV–3094–TWT, 2011 WL 1897674, at *2 (N.D. Ga. May 17, 2011) (<u>quoting</u> <u>Aetna Fin. Co. v. Culpepper</u>, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984)). While plaintiffs allege that BoA's "knowing and intentional publish[ing] of untrue and derogatory information concerning [their] financial condition" has made "it difficult for [them] to seek new financing in [the] future," [Doc. 1-1 at 7 ¶ 30], they have not alleged any factual basis for asserting such a claim and have not alleged that they have suffered any actual, non-speculative damages

---

Ga. 2006). Furthermore, in order to bring a claim pursuant to the Georgia UCC, plaintiffs must tender the amount owed under the loan. <u>Taylor v. Wachovia Mortg. Corp.</u>, Civil Action File No. 1:07-CV-2671-TWT, 2009 WL 249353, at *8 (N.D. Ga. Jan. 30, 2009), adopted at *1 (<u>citing</u> O.C.G.A. § 11-3-603(a)). Plaintiffs have not made any showing that "[they] ever tendered or offered to tender the full amount due under the loan to cure [their] default." <u>Id.</u> (citation omitted). "As plaintiff[s] ha[ve] not made any tender applicable under O.C.G.A. § 11-3-603(a), [their] claim lacks 'legal or factual merit.'" <u>Id.</u> (citation omitted). Accordingly, it is **RECOMMENDED** that these claims, to the extent they are asserted, be **DISMISSED**.

as a direct result of such publication. Indeed, despite plaintiffs' mere recitation of one of the elements of an attempted wrongful foreclosure claim, the pleadings and property records before the Court actually show that plaintiffs executed a security deed, which included a power of sale provision, conveying the property to MERS as grantee-nominee for First Magnus and that MERS subsequently assigned the deed to BoA on November 23, 2011, which was recorded at Deed Book 50626, Page 6, of the Fulton County, Georgia, real property records. See [Doc. 1-1 at 71; Doc. 3-2 at 19]. Consequently, BoA "did not intentionally publish derogatory information by attempting to foreclose on the [p]roperty." Mayrant, 2011 WL 1897674, at *2. Accordingly, it is **RECOMMENDED** that plaintiffs' wrongful foreclosure claim be **DISMISSED**.

      b.    **GFLA Claim**

Although not set out as a separate claim, plaintiffs reference the GFLA and appear to allege that BoA is not a "secured creditor" under Georgia's non-judicial foreclosure statute. See [Doc. 1-1 at 4 ¶ 18, 5 ¶¶ 24-25]. In addition to the fact that plaintiff has failed to include any factual allegations to support a cause of action under any of the provisions of the GFLA, or to even allege that the GFLA is applicable to the loan at issue,[10] see Donaldson v. GMAC Mortg. LLC, No.

_____

[10] The GFLA applies to "high-cost" loans which are defined as follows:

4:09-CV-117 (CDL), 2010 WL 381838, at *3 (M.D. Ga. Jan. 26, 2010), plaintiffs'

contention is without merit because they fail to recognize that while O.C.G.A. § 7-

6A-2(6) excludes a loan servicer from the definition of creditor, that definition is

limited to "[a]s used in this chapter," and therefore does not have any effect on

O.C.G.A. § 44-14-162(b), which expressly authorizes BoA, as an assignee of the

security deed, to foreclose on the property, see LaCosta, 2011 WL 166902, at *3-4.

Plaintiffs have not sufficiently alleged a violation of the GFLA against BoA, and in

---

(7) "High-cost home loan means a home loan in which the terms of the loan meet or exceed one or more of the thresholds as defined in paragraph (17) of this Code section.

. . .

(17) "Threshold" means:

(A) Without regard to whether the loan transaction is or may be a "residential mortgage transaction" as that term is defined in 12 C.F.R. 226.2(a)(24), the annual percentage rate of the loan is such that it equals or exceeds that set out in Section 152 of the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. Section 1602(aa), and the regulations adopted pursuant thereto by the Federal Reserve Board, including Section 12 C.F.R. 226.32; or

(B) The total points and fees payable in connection with the loan, excluding not more than two bona fide discount points, exceed: (i) 5 percent of the total loan amount if the total loan amount is $20,000.00 or more or (ii) the lesser of 8 percent of the total loan amount or $1,000.00 if the total loan amount is less than $20,000.00.

O.C.G.A. § 7-6A-2.

any case, plaintiffs' GFLA claim is insufficient to state a claim under Rule 8. Iqbal, 129 S. Ct. at 1949-50. Accordingly, it is hereby **RECOMMENDED** that plaintiffs' GFLA claim, to the extent actually asserted, be **DISMISSED**.[11]

**B.    Plaintiffs' Motion to Amend Complaint, [Doc. 7]**

On January 19, 2012, plaintiffs filed a motion for leave to amend their complaint, [Doc. 7], in which they seek to add BoA's counsel, Spurgeon, as a defendant and to assert a claim for conspiracy to commit fraud. "[C]onsistent with Rule 15(a)'s mandate that 'leave shall be freely given when justice so requires,' district courts should generously allow amendments even when the plaintiff does not have the right to amend the complaint." Williams v. Bd. of Regents of the Univ. Sys. of Ga., 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (citation omitted) (quoting Fed. R. Civ. P. 15(a)). That is, "[a] district court should not deny leave to amend 'unless

---

[11] Although plaintiffs seek equitable relief, including permanent injunctive relief as well as a "declaration that they are the exclusive titleholders to their residential real property," see [Doc. 1-1 at 2 ¶ 3, 8 (prayer for relief)], plaintiffs have "failed to allege any facts in support of [their] request for a declaratory judgment; there are no allegations to support a showing of an actual controversy between the parties," Doerr, Civil Action No. 1:11-cv-02316-CAP, at [Doc. 6 at 6]. Additionally, plaintiffs have not "alleged that [they] hold[] current title or current prescriptive title to the property at issue, which is a requirement under Georgia's Quiet Title Act to attain an order quieting title." Id. (citations omitted); see also Woodberry, Civil Action No. 1:11-cv-03637-TWT, at [Doc. 11 at 4]. Furthermore, in order to seek equitable relief, plaintiffs must tender the outstanding amount due under the note and security deed, Taylor, Bean & Whitaker Mortg. Corp., 583 S.E.2d at 849-50, and as stated previously, plaintiffs have not tendered the amount due under the note, nor have they addressed BoA's arguments, see [Doc. 3-1 at 18], on this issue.

there is a substantial reason.'" <u>Whitby v. Chertoff</u>, Civil Action No. 5:08-CV-242 (HL), 2010 WL 431974, at *1 (M.D. Ga. Feb. 2, 2010) (<u>quoting</u> <u>Burger King Corp. v. Weaver</u>, 169 F.3d 1310, 1319 (11th Cir. 1999)).

Courts, however, need not grant an opportunity to amend where amendment would be futile. <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (<u>citing</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)); <u>see also</u> <u>Degirmenci v. Sapphire-Ft. Lauderdale, LLLP</u>, 693 F. Supp. 2d 1325, 1353 (S.D. Fla. 2010) (<u>citing</u> <u>Hall v. United Ins. Co. of Am.</u>, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (Although Rule 15(a) provides that leave shall be freely given, "a court may properly deny leave to amend where as here amendment would be futile.")). In fact, if it appears beyond doubt that plaintiffs could not plead a claim for relief that is plausible on its face, an amendment would be futile. <u>See</u> <u>Coates v. Natale</u>, Civil Action No. 5:09-cv-423 (CAR), 2010 WL 749630, at *1-2 (M.D. Ga. Mar. 1, 2010); <u>Ardaman & Assocs., Inc. v. Travelers Cas. & Surety Co. of Am.</u>, No. 3:08cv144/MCR, 2009 WL 161203, at *8 (N.D. Fla. Jan. 22, 2009).

Granting plaintiffs an opportunity to amend the complaint to add Spurgeon as a defendant and to assert a conspiracy claim would be futile. <u>Degirmenci</u>, 693 F. Supp. 2d at 1355. "'To recover damages for a civil conspiracy claim, a plaintiff must show that two or more persons, acting in concert, engaged in conduct that

constitutes a tort. Absent the underlying tort, there can be no liability for civil conspiracy.'" <u>Mortensen v. Bank of Am., N.A.</u>, No. 3:10–CV–13 (CDL), 2011 WL 5593810, at *6 (M.D. Ga. Nov. 17, 2011) (quoting <u>Jenkins v. Wachovia Bank, Nat'l Ass'n</u>, 711 S.E.2d 80, 85 (Ga. Ct. App. 2011)). Here, because the underlying tort claim fails for the reasons already discussed, plaintiffs' proposed conspiracy claim also fails. <u>See</u> <u>Tippens v. Round Island Plantation L.L.C.</u>, No. 09-CV-14036, 2009 WL 2365347, at *4 (S.D. Fla. July 31, 2009) (citation omitted) ("A claim that is found not to be actionable cannot form the basis for a conspiracy claim."); <u>see also</u> <u>In re Mortg. Elec. Registration Sys. (MERS) Litig.</u>, MDL Docket No. 09-2119-JAT, 2011 WL 251453, at *6 (D. Ariz. Jan. 25, 2011).[12] "A proposed amendment may be denied for futility when the complaint as amended would still be properly dismissed." <u>Coventry First, LLC v. McCarty</u>, 605 F.3d 865, 870 (11th Cir. 2010) (per curiam) (citation and internal marks omitted). Accordingly, because the proposed

---

[12] Furthermore, plaintiffs' motion to amend fails to allege any factual basis to impose liability on Spurgeon. <u>See generally</u> [Doc. 7]. Spurgeon's sole connection to the present case is his representation of BoA in this matter as well as the fact that he works at McCalla Raymer, LLC, BoA's foreclosure counsel with respect to plaintiffs' property. <u>See</u> [Doc. 10 at 15]. Accordingly, Spurgeon is not a proper party to this action. <u>See</u> <u>Oblitey v. Chase Home Fin., LLC</u>, Civil Action No. 1:11-cv-02184-JEC, at [Doc. 10 at 7] (N.D. Ga. Jan. 3, 2012), adopted by [Doc. 12] (N.D. Ga. Jan. 27, 2012) (citing <u>McCarter v. Bankers Trust Co.</u>, 543 S.E.2d 755 (Ga. Ct. App. 2000) ("foreclosure counsel who is acting as an agent for a lender or loan servicer is not a proper party where there are no allegations of wrongdoing made against foreclosure counsel")).

amendment would be futile, plaintiffs' motion for leave to amend their complaint,

[Doc. 7], is hereby **DENIED**.

## IV.  CONCLUSION

For the foregoing reasons, plaintiffs' motion to amend, [Doc. 7], is hereby

**DENIED**, BoA's motion to stay, [Doc. 4], is **GRANTED**, and it is **RECOMMENDED**

that plaintiffs' motion to remand, [Doc. 8], be **DENIED**, that BoA's motion to

dismiss, [Doc. 3], be **GRANTED**, and that plaintiffs' complaint be **DISMISSED**.[13]

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED** and **RECOMMENDED**, this 17th day of May, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[13] BoA also requests, in one sentence in the conclusion of its motion, that "all costs of this civil action be charged against Plaintiffs." [Doc. 3 at 2]. However, it is **RECOMMENDED** that BoA's request be **DENIED** in view of plaintiffs' *pro se* status and the fact that it is recommended that this action be dismissed. See Albright v. Bellsouth Adver. & Publ'g Corp., No. 1:06-cv-821-WSD, 2007 WL 2917567, at *3 (N.D. Ga. Oct. 5, 2007) ("While the Court has the authority to recommend both dismissal and monetary sanctions, it finds that ordering a money judgment against a *pro se* plaintiff, in addition to the ultimate sanction, dismissal, would be inappropriate under the circumstances of this case."); see also Oblitey, Civil Action No. 1:11-cv-02184-JEC, at [Doc. 10 at 7-8] (denying defendant's request for costs and attorney's fees where defendant had failed "to provide any authority to support its request").