IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALEXANDRIA DAVIS and CHARLES M.
DAVIS,

       Plaintiffs,

v.

BANK OF AMERICA, N.A.,

       Defendant.

CIVIL ACTION NO.

1:11-cv-4552-JEC-RGV

## ORDER

    This action is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [11] granting defendant's Motion to Dismiss [3] and denying plaintiffs' Motion to Remand [8]. Plaintiffs have not submitted any objections to the R&R. The Court has reviewed the record and the arguments of the parties and, for the foregoing reasons, **ACCEPTS** and **ADOPTS** the Magistrate Judge's recommendations on the remand issue. Accordingly, the Court **DENIES** plaintiffs' Motion to Remand [8].

    The Court **ACCEPTS** the Magistrate Judge's recommendations on the Motion to Dismiss [3] as to any claims based on the GFLA or the UCC and as to the claim for attempted wrongful foreclosure, **and GRANTS those motions**. As to the remaining claim for wrongful foreclosure, the Court **DENIES** the motion **without prejudice** and **STAYS** this action

pending the Georgia Supreme Court's decision on the controlling question of law certified to that court by separate Order in another case before this Court.

## BACKGROUND

This case arises out of foreclosure proceedings instituted by defendant against a residence located at 7440 Mistydawn Drive, Fairburn, Georgia.  (R&R [11] at 2.)  Plaintiffs purchased the residence in 2007, with the proceeds of a mortgage loan obtained from third party First Magnus Financial Corporation ("First Magnus").  (*Id.*)  In connection with the loan, plaintiffs executed a promissory note (the "Note") in favor of First Magnus.  (Compl. [1] at ¶ 3.)  The loan was secured by a security deed (the "Deed") conveying the residence to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for First Magnus.  (R&R [11] at 3.)  MERS subsequently assigned its interest in the Deed to defendant Bank of America ("BOA").  (*Id.*)

Defendant initiated foreclosure proceedings against the residence in November, 2011, after plaintiffs defaulted on their loan.  (*Id.* at 4.)  Plaintiffs responded by filing this *pro se* action in the Fulton County Superior Court.  (Compl. [1].)  The complaint is difficult to decipher, but plaintiffs appear to be asserting claims for wrongful foreclosure and attempted wrongful foreclosure.  (*Id.* at ¶¶ 3, 30.)  The complaint refers to the UCC and the Georgia Fair

Lending Act ("GFLA"), but it does not include any allegations to suggest that either provision was violated.  (*Id.* at ¶¶ 21, 25.)

Defendant filed a timely notice to remove the action on the ground of diversity jurisdiction.  (Notice of Removal [1] at 3-7.) Thereafter, defendant filed a motion to dismiss the complaint pursuant to Federal Rule 12(b)(6).  (Def.'s Mot. to Dismiss [3].) Plaintiffs did not respond to the motion to dismiss.  (R&R [11] at 1.)  Instead, plaintiffs filed motions to remand and to amend the complaint to add a claim for "Conspiracy to Commit Fraud" against defense counsel Kyle Spurgeon.  (Pls.' Mots. to Amend [7] and Remand [8].)  Magistrate Judge Vineyard issued an R&R denying the motion to amend and recommending that the Court deny the motion to remand and grant defendant's motion to dismiss.  (R&R [11] at 23.)  As mentioned above, plaintiffs do not object to the R&R.

## DISCUSSION

### I. PLAINTIFFS' MOTION TO REMAND [8]

Pursuant to 28 U.S.C. § 1441, an action may be removed from state court if "the district courts of the United States have original jurisdiction" over the action.  28 U.S.C. § 1441(a). Original jurisdiction can arise from a federal question or diversity of citizenship.  28 U.S.C. §§ 1331 and 1332(a).  Defendant relies on diversity jurisdiction under § 1332(a).  (Notice of Removal [1].)

3

Section 1332(a) provides for diversity jurisdiction in cases where the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). Defendant has demonstrated, and plaintiffs apparently concede, that the parties to this action are citizens of different states. (Pls.' Mot. to Remand [8].) However, plaintiffs contend that defendant has not met its burden of showing that the amount in controversy exceeds $75,000. (*Id.* at 2.)

To determine the amount in controversy, the Court considers the complaint and the notice of removal. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007). The complaint does not make a specific monetary demand. (Compl. [1] and Pls.' Mot. to Remand [8] at 2.) Nevertheless, it is clear from the complaint and its attached exhibits that plaintiffs are demanding an amount in excess of $75,000. (Compl. [1] at ¶ 3 and Ex. B.) In the complaint, plaintiffs seek permanent injunctive relief from foreclosure and a declaration that they are the "exclusive titleholders" to their residence. (*Id.* at ¶ 3 and p. 8.) As a practical matter, granting the requested relief would involve the cancellation of a security interest in the amount of $293,139.00. (*Id.* at Exs. B and C.)

Based on the uncontested evidence provided in the notice of removal and the allegations in the complaint and its exhibits, both the diversity and the amount in controversy requirements of § 1332(a)

4

AO 72A
(Rev.8/82)

are met in this case.  (Notice of Removal [1] and Compl. [1] at ¶ 3 and Ex. B.)  Accordingly, the Court **DENIES** plaintiffs' Motion to Remand [8].

II. <u>**DEFENDANT'S MOTION TO DISMISS [3]**</u>

    A. <u>**Rule 12(b)(6) Standard**</u>

The Magistrate Judge correctly set forth the standard applicable to a motion to dismiss under Rule 12(b)(6).  (R&R [11] at 5-7.)  In deciding a motion to dismiss, the Court assumes that all of the allegations in the complaint are true and construes the facts in favor of the plaintiff.  *Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010).  That said, in order to avoid dismissal a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is "facial[ly] plausib[le]" when it is supported with facts that permit a "reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

The Magistrate Judge also properly noted that defendant's motion is unopposed, but still should be addressed on the merits.  Pursuant to the local rules, plaintiffs' response was due by January 11, 2012, at the latest.  *See* LR 7.1(B), NDGa.  To date, plaintiffs have not responded or indicated by any other means that they oppose the

5

motion.[1]  Nor have they objected to the Magistrate Judge's R&R granting the motion.  Nevertheless, the Court will consider whether dismissal is warranted on the merits.  *See Dunlap v. Transamerica Occidental Life Ins. Co.,* 858 F.2d 629, 632 (11th Cir. 1988)(indicating that summary judgment should not be granted as a sanction for failing to respond to a motion for summary judgment) and *Jackman v. Hasty,* Civil Action No. 1:10-CV-2485-RWS, 2012 WL 1426769, at *2 (N.D. Ga. 2012)(Story, J.)(the moving party does not automatically prevail on an unopposed motion).

### B.   GFLA, UCC, And Attempted Wrongful Foreclosure Claims

Certain claims in the complaint clearly fail to meet the "facial plausibility" standard of *Iqbal* and *Twombly*.  Although the complaint ambiguously cites to various definitions in the UCC and the GFLA, it does not include any allegations to suggest that either provision applies to the loan transaction at issue here or was violated by defendant.  (Compl. [1] at ¶¶ 20, 25.)  Accordingly, the Court agrees

---

[1] Plaintiffs filed a motion to amend their complaint after defendant moved for dismissal, but the proposed amendment does not address the grounds for dismissal asserted by defendant. (Pls.' Mot. to Amend [7].)  Rather, the amendment makes the highly unusual request to add defense counsel as a party to the action, and asserts a fraud claim that is not supported by anything close to the factual basis required by Federal Rule 9(b).  *See* FED. R. CIV. P. 9(b).  The motion to amend was properly denied as futile by the Magistrate Judge, and cannot be viewed as the *de facto* response of *pro se* plaintiffs who are unfamiliar with the applicable procedural rules. (R&R [11] at 20-23.)

with the Magistrate Judge that defendant's motion to dismiss should be **GRANTED** as to any claims based on the GFLA or the UCC. (R&R [11] at 18-20.)

Likewise, plaintiffs' claim for attempted wrongful foreclosure lacks any factual basis. The only allegation offered in support of the attempted wrongful foreclosure claim is the conclusory statement that defendant "knowing[ly] and intentional[ly] published . . . untrue and derogatory information" concerning plaintiffs' financial condition, making it "difficult for [p]laintiffs to seek new financing in the future." (Compl. [1] at ¶ 30.) That statement merely recites the elements of an attempted wrongful foreclosure claim under Georgia law. *See Aetna Fin. Co. v. Culpepper,* 171 Ga. App. 315, 319 (1984)(addressing a claim for attempted wrongful foreclosure). As such, the Court adopts the Magistrate Judge's recommendation that defendant's motion to dismiss should be **GRANTED** as to the attempted wrongful foreclosure claim. (R&R [11] at 17-18.)

    **C.**    **Wrongful Foreclosure Claim**

Applying the above rulings, the only claim in the complaint that is arguably plausible is for wrongful foreclosure. (*Id.* at ¶¶ 3-4, 9-31.) In support of their wrongful foreclosure claim, plaintiffs suggest that: (1) there is no evidence of a loan or perfected lien on the residence, (2) the Note and the Deed are invalid because they have been "split" from each other, and (3) defendant is not a secured

7

creditor authorized by Georgia law to conduct a foreclosure because it does not hold the Note or own the indebtedness underlying the Deed.  (Compl. [1] at ¶¶ 16-24, 27-29, 31-33.)

The first argument is inconsistent with the relevant property records, including a Note in the amount of $293,139.00 executed by plaintiffs in favor of First Magnus and a corresponding Deed to the residence executed by plaintiffs in favor of MERS and its successors and assigns.[2]  (Compl. [1] at Exs. B and C.)  Defendant obtained the Deed pursuant to an assignment (the "Assignment") from MERS.  (*Id.* at 71.)  As noted in the R&R, both the Deed and the Assignment are in writing, signed by the grantee or last transferee, and properly witnessed and recorded in the Fulton County Deed Book.  (R&R [11] at 15-16.)  Plaintiffs do not allege any plausible ground for invalidating either instrument.

The second and third arguments are variants of a "note-splitting" theory that has for the most part been rejected in this district.  Specifically with regard to the second argument, all of the judges who have considered the issue have held that "splitting"

---

[2] Plaintiffs do not object to the Magistrate Judge's reliance on the property records, which are undisputed and attached to the complaint.  *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (a court may consider an undisputed document that is "central to the plaintiff's claim") and *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (permitting consideration of a purchase agreement attached to a motion to dismiss).

a note and a deed does not render either instrument invalid under Georgia law. *See Morgan v. Ocwen Loan Serv., LLC,* 795 F. Supp. 2d 1370, 1375 (N.D. Ga. 2011)(Totenberg, J.)("[s]eparation of the note and security deed . . . does not render either instrument void") and *LaCosta v. McCalla Raymer, LLC,* Civil Action No. 1:10-CV-1171-RWS, 2011 WL 166902, at *5 (N.D. Ga. 2011)(Story, J.)(rejecting a similar splitting theory).

Most judges have likewise rejected the argument that a deed holder cannot validly enforce its security interest under Georgia law without also holding the note or owning the underlying debt obligation. *See LaCosta,* 2011 WL 166902, at *3-6 and *Kabir v. Statebridge Co., LLC,* No. 1:11-cv-2747-WSD, 2011 WL 4500050, at *5 (N.D. Ga. 2011)(Duffey, J.). In *LaCosta,* as in this case, the original deed expressly granted to MERS the assignable right to take any action authorized by the lender, including the right to exercise the power of sale. *LaCosta,* 2011 WL 166902, at *3. Giving that language its full force and effect, the court held that an assignee of the MERS deed could validly institute foreclosure proceedings under Georgia law without also holding the note, and therefore dismissed a homeowner's wrongful foreclosure claim. *Id.* at *3-6.

The *LaCosta* decision is based on well-established principles of contract and agency law. *Id.* Explaining his rationale, Judge Story noted that: (1) a deed is a contract and its provisions, including

9

the express and unequivocal language granting MERS the assignable power of sale, is controlling as to the rights of the parties, and (2) given the language of the deed describing MERS as the lender's "nominee" and granting MERS the authority to act on behalf of the lender to secure repayment of the debt, allowing foreclosure is in accordance with the basic tenets of agency law. *Id.* The Eleventh Circuit has indicated its approval of Judge Story's reasoning in *LaCosta*. *See Smith v. Saxon Mortg.*, 446 Fed. App'x 239 (11th Cir. 2011)(affirming summary judgment on a wrongful foreclosure claim based on the same theory).

As additional support for *LaCosta*, several judges have cited O.C.G.A. § 44-14-64(b). *See Kabir,* 2011 WL 4500050, at *5 and *In re Corley,* 447 B.R. 375, 383 (S.D. Ga. 2011)(Davis, Bankr. J.). That statute provides that: "Transfers of deeds to secure debt . . . shall be sufficient to transfer the property therein described and the indebtedness therein secured, whether the indebtedness is evidenced by a note or other instrument." O.C.G.A. § 44-14-64(b). Applying § 44-14-64(b), these judges have concluded that when a deed is transferred, a sufficient interest in the underlying debt follows the deed to permit foreclosure by the deed holder. *Kabir,* 2011 WL 4500050, at *5 and *In re Corley,* 447 B.R. at 383.

Finally, the reasoning of *LaCosta* is consistent with Georgia case law holding that a security deed "stands alone" and may be

10

executed according to its terms even if the promissory note associated with the deed is unenforceable. *Decatur Fed. Sav. and Loan v. Gibson,* 268 Ga. 362, 364 (1997). The Georgia Supreme Court has held that a deed holder can enforce its security interest where an action on the underlying note is time-barred. *Brinson v. McMillan,* 263 Ga. 802 (1994). As the court explained in *Brinson*, "even if . . . an action to collect the debt is barred by the statute of limitation, such would not prevent [the deed holder] from exercising [its] rights under the security deed." *Id.* See also *Minton v. Raytheon Co.,* 222 Ga. App. 85, 87 (1996)("Although the lender is foreclosed from collecting on the underlying promissory note . . . it retains its rights pursuant to its ownership interest under the deed to secure debt on the subject property."). By analogy, it would seem to follow that a deed holder can enforce its security interest although it has no beneficial interest in the note or the underlying indebtedness.

Nevertheless, and as aptly noted by the Magistrate Judge, a split of authority has developed in this district as to whether a deed holder that does not also possess the note can validly institute foreclosure proceedings under Georgia law. (R&R [11] at 11-14.) Denying a motion to dismiss on facts similar to those presented here, another colleague has held in *Morgan* that "separation of the note and the security deed . . . create[s] a substantial question of what

11

entity has the right to foreclose when the borrower defaults on the loan." *Morgan,* 795 F. Supp. 2d at 1375.  Addressing the issue more directly in a later case, Judge Totenberg concluded that "Georgia statutes and case law require the holder of the loan to carry out the foreclosure and to identify itself as the secured creditor of public record prior to the foreclosure sale." *Stubbs v. Bank of Am.,* 844 F. Supp. 2d 1267, 1273 n.3 (N.D. Ga. 2012).  Under the rationale set forth in *Morgan* and *Stubbs*, plaintiffs have stated a plausible claim for wrongful foreclosure because they allege that defendant was not the "holder of the loan" when it initiated foreclosure proceedings.

As evidenced by the above discussion, Georgia law is unclear on the determinative question at issue here:  whether a deed holder that does not also hold the note or have an interest in the underlying debt obligation can validly institute foreclosure proceedings.  Given the confusion and the lack of any controlling authority in Georgia law, the Court has previously certified this question to the Georgia Supreme Court in *Chae Yi You and Chur K. Back v. JPMorgan Chase Bank, N.A., and Fed. Nat'l Mortg. Assoc.*, 1:12-cv-202-JEC-AJB (Order and Op. [15] and Order [16] dated Sept. 7, 2012).  The decision on the certified question will determine the outcome of defendant's motion as to the wrongful foreclosure claim.

Accordingly, the Court **DENIES without prejudice** defendant's Motion to Dismiss [3] plaintiffs' wrongful foreclosure claim.

Nevertheless, as plaintiffs failed to file any objections to the R&R, it appears that they may no longer be interested in pursuing this case. Moreover, the Court can take no further action in the case until the Georgia Supreme Court has answered the certified question.

Accordingly, the Court **administratively terminates** this action pending resolution by the Georgia court. Upon that resolution, the Court will administratively reopen the action for any further appropriate action.

### CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** in part the Magistrate Judge's R&R [11], **DENIES** plaintiffs' Motion to Remand [8], and **GRANTS in part** and **DENIES in part** defendant's Motion to Dismiss [3]. The Court **administratively terminates** the case pending the Georgia Supreme Court's decision on the question certified to that court by separate Order in the *You* case, *supra*.

SO ORDERED, this 10th day of SEPTEMBER, 2012.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)